## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GINA MILLER, as<br>Administrator of the Estate<br>of ROBERT C. RAY, deceased, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | No. 10-CV-3199 |
| CHAUNCEY C.<br>MAHER III, M.D., et al., | )<br>)<br>) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Chauncey Maher III, M.D.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 30) and the remaining Defendants' Motion to Dismiss (d/e 32) (collectively Motions). The Court has reviewed Plaintiff's response (d/e 34) and Defendant Maher's reply (d/e 35) filed with consent of the Court. Plaintiff Gina Miller is the Administrator of the Estate of Robert Ray (Estate), deceased. The sole heir and beneficiary of the Estate is Robert Ray's minor daughter, Brianna Ray. Miller alleges claims arising from the death of Robert Ray in the Sangamon County Jail, Springfield, Illinois. For the reasons set forth below, the Court recommends that Motions (d/es 30, 32) should be ALLOWED.

Miller alleges that Robert Ray was arrested for contempt of court on September 25, 2007.  He was placed in the Sangamon County Jail.  Defendant Maher is a licensed physician who provided medical care at the Sangamon County Jail.  Defendant Neil Williamson is the Sangamon County Sheriff.  Defendant Terry Durr is the Superintendent of the Sangamon County Jail.  The remaining individual Defendants are employees of the Sangamon County Sheriff.  Williamson and Durr are sued in their individual and official capacities.  The other individual Defendants are sued in their individual capacities.  Sangamon County, Illinois, is also named as a Defendant.

Miller alleges that the Defendants violated Robert Ray's constitutional rights during his detention, and in particular, denied him proper medical treatment.  Miller alleges that as a result of the Defendants' wrongful conduct, Robert Ray died in the Sangamon County Jail on September 29, 2007.  Amended Complaint and Demand for Jury Trial (d/e 8) (Amended Complaint), ¶¶ 14-37.[1]

Miller, as the Administrator of the Estate, asserts claims against all the Defendants under 42 U.S.C. § 1983 for violation of Robert Ray's constitutional

---

[1]Both Motions (d/es 30, 32) reference the original Complaint (d/e 1).  The Amended Complaint (d/e 8) merely substituted a defendant.  The Court sees no procedural problems with addressing both motions at this time.

rights. <u>Amended Complaint</u>, Counts II -VIII. Miller asserts supplemental state law claims against Defendant Maher under the Illinois Wrongful Death Act, 740 ILCS 180/2, and the Illinois Survival Act, 755 ILCS 5/27-6. <u>Amended Complaint</u>, Count I.

Miller filed this action on August 6, 2010 (d/e 1). The Defendants move to dismiss because the claims are barred by the statute of limitations. The Court agrees that the § 1983 claims are barred by the statute of limitations and recommends that those claims be dismissed with prejudice. The Court further recommends that this Court should decline to exercise jurisdiction over the state law claims.

## LEGAL STANDARD

For purposes of the Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Miller. <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). When read in that light, the Complaint must set forth a short and plain statement of the claims showing that Miller is entitled to relief. <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 559-63 (2007); <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499 F.3d 663 (7th Cir. 2007). In doing so, the allegations must plausibly suggest that Miller is entitled to relief.

Twombly, 550 U.S. at 569 n.14. Allegations of bare legal conclusions or labels alone are not sufficient. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

## ANALYSIS

The Illinois two-year statute of limitations for personal injury actions applies to § 1983 claims. Farrell v. McDonough, 966 F.2d 279, 280 (7th Cir. 1992); 735 ILCS 5/13-202. Robert Ray died on September 29, 2007, and Miller filed this action more than two years later on August 6, 2010. The § 1983 claims are, therefore, barred by the statute of limitations.

Miller argues that the statute of limitations is tolled because Robert Ray's sole heir and the Estate's sole beneficiary is a minor, Brianna Ray. Illinois law provides that if Brianna Ray, a minor, has a claim that accrues during her minority, then she may bring the action within two years after she attains eighteen years of age. 735 ILCS 5/13-211. Miller argues that Brianna Ray, as Robert Ray's sole heir, has a claim, and so, the statute of limitations is tolled pursuant to § 5/13-211 because she is a minor. The Court disagrees.

Section 1983 claims are personal to the injured party. Claybrook v. Birchwelll, 199 F.3d 350, 357 (7th Cir. 2000); See Estate of Johnson by Castle v. Village of Libertyville, 819 F.2d 174, 177-78 (7th Cir. 1987) (parents not entitled to recover damages for violation of daughter's rights). The Defendants allegedly

violated Robert Ray's rights when he was in the Sangamon County Jail from September 25, 2007, until his death on September 29, 2007. Robert Ray's cause of action under § 1983 accrued when the Defendants violated his rights during that four-day period. After he died, Miller, as Administrator, could assert Robert Ray's claims on behalf of the Estate, but the claims were personal to Robert Ray and accrued during his life. Spence v. Staras, 507 F.2d 554, 557 (7th Cir. 1974). Thus, Brianna Ray does not own the claims alleged in the Complaint or have the right to bring those claims.

Miller cites two Northern District cases for the proposition that the Illinois tolling statute applies to § 1983 actions. Reyes v. City of Chicago, 585 F.Supp.2d 1010, 1016 (N.D.Ill. 2008); Alber v. Illinois Dept. of Mental Health and Developmental Disabilities, 786 F.Supp. 1340, 1359 (N.D.Ill. 1992). In both cases, however, the minor plaintiffs alleged that state actors violated the minor plaintiffs' personal constitutional rights. Reyes, 585 F.Supp.2d at 1016; Alber, 786 F.Supp. at 1359. The Estate alleges that the Defendants violated Robert Ray's constitutional rights, not Brianna Ray's rights. The Reyes and Alber cases, thus, do not apply. Brianna Ray's status as the minor beneficiary of the Estate is irrelevant to the statute of limitations analysis in this case.

Last, Miller argues that Brianna Ray has suffered a constitutional injury personally. Brianna Ray, however, has not alleged any such injury. Brianna Ray

does not allege that any Defendant violated any of her constitutional rights. All the allegations concern the violation of Robert Ray's rights. Brianna Ray, therefore, does not allege a § 1983 claim. <u>See</u> <u>Estate of Johnson by Castle</u>, 819 F.2d at 177-78.

The § 1983 claims should be dismissed because they are barred by the statute of limitations. Because all of the federal claims should be dismissed, this Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss those claims for lack of subject matter jurisdiction. 28 U.S.C. § 1367(c).

WHEREFORE, this Court recommends that Defendant Chauncey Maher III, M.D.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (d/e 30) and the remaining Defendants' Motion to Dismiss (d/e 32) should be ALLOWED. The Court recommends dismissal of Counts II-VIII of the Amended Complaint with prejudice because the claims are barred by the statute of limitations. The Court recommends dismissal of Count I of the Amended Complaint for lack of subject matter jurisdiction. If U.S. District Judge Mihm adopts these recommendations, this Federal case will be closed.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation.

28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. <u>See</u> <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986). <u>See</u> <u>Local Rule</u> 72.2.


ENTER:    January 12, 2011


_____*s/ Byron G. Cudmore*_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE