UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GINA MILLER, as Administrator of the Estate of ROBERT C. RAY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CHAUNCEY C. MAHER III, M.D., et al.,<br><br>Defendants. | Case No. 10-3199 |

## ORDER

On January 12, 2011, a Report & Recommendation [#43] was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case, recommending that Defendants' Motions to Dismiss [#30, 32, 34] be allowed. Plaintiff has filed an Objection [#44] to the Magistrate Judge's recommendation. This Order follows.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which written objections have been made. *See* FED. R. CIV. P. 72(b). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

## BACKGROUND

On September 10, 2010, Plaintiff Gina Miller ("Miller"), as Administrator of the Estate of Robert C. Ray ("Ray"), filed her Amended Complaint against Defendants Dr. Chauncey C. Maher III, Lee Anne Brauer, Niecy West, Ladorise Ramsey, Lieutenant Tammy Powell, various sergeants

1

at the Sangamon County Jail, various correctional officers at the Sangamon County Jail, the Sheriff of Sangamon County, the Superintendent of the Sangamon County Jail, and Sangamon County. Miller states that she has brought the action on behalf of Ray's Estate and on behalf of her minor daughter, Brianna Ray, the decedent's only child. She includes one count against Dr. Maher pursuant to Illinois' Wrongful Death and Survival Acts, and her remaining seven counts against Defendants are brought pursuant to 42 U.S.C. § 1983. She specifically alleges that Defendants violated Ray's constitutional rights by failing to provide him proper medical care when he came to the Sangamon County jail suffering from alcohol withdrawal which included extreme alcohol delirium tremens. Miller further alleges that as a result of the Defendants' conduct, Ray died in the Sangamon County Jail on September 29, 2007.

In the Report & Recommendation filed by Magistrate Judge Cudmore, he recommends that Defendant Maher's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and the remaining Defendants' Motion to Dimiss be allowed for Miller's failure to comply with the statute of limitations applicable to Counts II-VIII. Magistrate Judge Cudmore further recommends the dismissal of Count I of the Amended Complaint for lack of subject matter jurisdiction.

**ANALYSIS**

Plaintiff Miller first objects to the "crux of the Magistrate's recommendation" where he states that Section 1983 claims are personal to the injured party. *See* R&R at 4. The Magistrate Judge cited a Sixth Circuit case, *Claybrook v. Birchwell*, as well as Seventh Circuit cases in support of his conclusion. 199 F.3d. 350, 357 (6th Cir. 2000); *see also Estate of Johnson by Castle v. Village of Libertyville*, 819 F.2d 174, 177-78 (7th Cir. 1987); *Spence v. Staras*, 507 F.2d 554, 557 (7th Cir. 1974). Plaintiff argues that the Magistrate Judge erroneously relied upon the Sixth Circuit

2

case, and that the Seventh Circuit specifically allows claimants to pursue damages allowed by the Illinois Wrongful Death Act in federal court pursuant to Section 1983.

Plaintiff correctly notes that district courts within the Seventh Circuit are bound by that Circuit's precedent, and not precedent from other Circuits. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (Seventh Circuit stating that district judges must follow decisions of that court regardless of whether the district courts agree with those decisions). Plaintiff also correctly points out that the Seventh Circuit has previously allowed that a Section 1983 claim may be maintained for the benefit of a decedent's estate to recover damages authorized by Illinois statutes for deprivation of the decedent's civil rights. *Spence*, 507 F.2d at 557 (7th Cir. 1974); *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1190 (7th Cir. 1985) (holding that "in a Section 1983 action, the estate may recover damages for loss of life, [and] conscious pain and suffering experienced by the decedent prior to death . . . " after the court considered Illinois' Wrongful Death and Survival Acts).

However, these cases are not contrary to the Magistrate Judge's determination that Brianna does not own the claims alleged in the Complaint or have the right to bring those claims. The cases cited by Plaintiff merely provide that damages available under Illinois Wrongful Death and Survival Acts may be recovered by an estate bringing a Section 1983 claim alleging violations of the decedent's constitutional rights. *See also Henning v. O'Leary,* 477 F.3d 492, 495 (7th Cir. 2007) (explaining that decedent's survivors may be able to step into his shoes and exercise his remedies depending upon the state's survivorship statutes). Those cases, in considering Illinois law, do not provide that a decedent's minor next of kin may bring a Section 1983 action for an alleged violation of the decedent's civil rights. *Cf. id.* (noting that Wisconsin's wrongful death statute allowed the

3

decedent's daughter, a named plaintiff, to participate in the decedent's Section 1983 suit alongside the estate, also a named plaintiff).

Plaintiff next argues that both Illinois' tolling provision and its Wrongful Death Act toll the statute of limitations for minors in Section 1983 actions. To support that argument, Plaintiff initially argues that because the Seventh Circuit has held that Section 1983 incorporates damage and beneficiary designations allowed by the Wrongful Death Act, there is no statute of limitations problem as to Brianna's claims for wrongful death damages because Illinois has tolling provisions for minors. Plaintiff then makes a detailed argument to show that under Illinois law, because Brianna is sole beneficiary of the decedent's estate, her status controls rather than the administrator's for purposes of the statute of limitations.

There is no federal statute of limitations to govern actions brought pursuant to Section 1983. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989) (explaining that the timeliness of federal civil rights suits is determined by looking to state law given the absence of a federal statute of limitations). In Illinois, there is a two-year statute of limitations for personal injury actions which provides the limitations period for actions brought pursuant to Section 1983. 735 ILL. COMP. STAT. 5/13-202 (2011); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). A federal court in a Section 1983 action borrowing a state's period of limitations must also take "all related doctrines, such as those that specify tolling, revival, and details of application." *Malone v. Corr. Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009). Illinois' tolling provision for minors, provides:

> If the person entitled to bring an action, specified in Sections 13-201 through 13-210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

735 ILL. COMP. STAT. 5/13-211.

4

Here, Miller, as the Administrator of Ray's Estate and the only named plaintiff, was required to bring her Section 1983 action on behalf of Ray's estate within two years of the time the alleged violations occurred. Those alleged violations occurred between September 25, 2007, and September 29, 2007. Because Miller did not file Ray's Section 1983 cause of action until August 6, 2010, it is untimely under 735 ILL. COMP. STAT. 5/13-202 and is accordingly untimely under Section 1983. The Court concurs with the Magistrate Judge's conclusion that Brianna's status as the minor beneficiary of the Estate is irrelevant to the statute of limitations analysis in this case.

Plaintiff would have the Court conclude otherwise. She states that 5/13-211 incorporates 735 ILL. COMP. STAT. 5/13-209, the statute of limitations for survival actions, in order to conclude that 5/13-211 therefore permits a minor who was under the age of 18 at the time the cause of action arose to bring the survival action as administrator under 5/13-209 within 2 years after she turns 18. Plaintiff additionally cites to 5/13-212, the statute of limitations for actions brought against a physician or hospital, to support her contention that Brianna is the person entitled to bring the action. And finally, Plaintiff discusses the Illinois Supreme Court's recognition of the special status of minors in the law and how they should not be precluded from enforcing their rights unless clearly prevented from doing so by some statute or other command. Plaintiff does all this to reach her ultimate assertion that Brianna may be considered the person entitled to bring this action because she is the real party in interest, and the Court must therefore apply 5/13-211's tolling provision to find that Plaintiff's Complaint was timely filed.

In her detailed argument, Plaintiff has lost sight of the fact that this Court is only bound to apply Illinois' personal injury 2-year statute of limitations, any applicable tolling provision, and any further details of the application of the statute of limitations. Plaintiff's Section 1983 action is

5

separate and distinct from Plaintiff's Wrongful Death and Survival Act claims. The Seventh Circuit has only gone so far as to say an estate may pursue a decedent's Section 1983 cause of action and may seek to recover damages allowable under the Illinois Wrongful Death Act for the benefit of the decedent's survivors. *Spence*, 507 F.2d at 557 (Section 1983 action brought by administrator of decedent's estate properly maintainable), *Bass by Lewis*, 769 F.2d at 1189 (holding that under Illinois' statutory scheme, the estate could recover for decedent's conscious pain and suffering); *see also Pitzer v. City of Peoria*, 597 F. Supp. 2d 806, 812 (C.D. Ill. 2009) (explaining that the decedent's estate may potentially recover damages awards allowed under the Illinois Wrongful Death Act). But that does nothing to change the fact that the applicable statute of limitations for Section 1983 actions is 5/13-202, subject to 5/13-211's tolling provision.

While the Illinois Wrongful Death Act may provide a tolling provision for minors, Plaintiff cites to no federal authority providing that the Act's tolling provision applies for purposes of Section 1983 in circumstances similar to those currently before the Court. Furthermore, Plaintiff cites to no federal authority that Brianna, as beneficiary of her father's estate, is the relevant person to consider for purposes of applying the statute of limitations to this Section 1983 action. The Court must look to the party who filed the Section 1983 claim, and that was Miller as Administrator of Ray's Estate. 5/13-211's tolling provision does not even come into play. Accordingly, Miller as Administrator of Ray's Estate failed to file her Section 1983 claims within two years following the dates of the alleged constitutional violations and so those claims must be dismissed.

Lastly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims under the Illinois Wrongful Death and Survival Acts. The Court therefore further concurs with the Magistrate Judge's recommendation that Count I of Plaintiff's Complaint be dismissed for

6

lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report & Recommendation [#43] of the Magistrate Judge in its entirety. Defendant Dr. Chauncey Maher's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [#30] is GRANTED, and the remaining Defendants' Motion to Dismiss [#32] is also GRANTED. Count I of the Amended Complaint is DISMISSED for lack of subject matter jurisdiction. This matter is now TERMINATED.

ENTERED this 14th day of February, 2011.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge